<u>Not for Publication</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEITH ELMO,<br><br>　　　　　*Plaintiff*,<br><br>　　v.<br><br>WOODBRIDGE BOARD OF EDUCATION,<br><br>　　　　　*Defendant*. | Civil Action No. 20-6703<br><br>**<u>OPINION</u>** |

**<u>John Michael Vazquez, U.S.D.J.</u>**

　　Presently pending before the Court is Defendant Woodbridge Board of Education's motion to dismiss the Complaint. D.E. 14. Plaintiff Keith Elmo filed a brief in opposition, D.E. 18, to which Defendant replied, D.E. 19. The Court reviewed the parties' submissions,[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion is **GRANTED**.

**I.　　FACTUAL BACKGROUND[2] AND PROCEDURAL HISTORY**

　　Plaintiff is a white male who is in his sixties. Compl. ¶ 2. Due to personal reasons, Plaintiff dropped out of high school in 1974 and began to work full time. *Id.* ¶¶ 11-33. In 1976, Plaintiff obtained his GED. *Id.* ¶ 35. Plaintiff continued to work, opened his own business, and became a

---

[1] Defendant's brief in support of its motion (D.E. 14-1) will be referred to as "Def. Br."; Plaintiff's opposition brief (D.E. 18) will be referred to as "Plf. Opp."; and Defendant's reply (D.E. 19) will be referred to as "Def. Reply."

[2] The factual background is taken from Plaintiff's Complaint ("Compl"). D.E. 1. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

"successful, self-made man." *Id.* ¶ 34, 36. Despite his success, when Plaintiff turned 60, he attempted to fulfill a lifelong goal to earn his high school diploma. *Id.* ¶¶ 47-48. Defendant, the Woodbridge Board of Education, denied Plaintiff's request. *Id.* ¶ 82. Plaintiff alleges that the Board of Education's Superintendent told Plaintiff that it would "raise concerns with the student body" and that Plaintiff "would be viewed as a predatory threat" if he was allowed to return to high school. *Id.* ¶ 64.

On June 20, 2019, Plaintiff filed a complaint that asserted claims, pursuant to Section 1983, alleging that (1) Defendant had an intentionally discriminatory policy in violation of Title VII of the Civil Rights Act, and Title IX of the Education Amendments Act of 1972 and regulations promulgated thereunder, and (2) claims of disparate impact age and sex discrimination under Title VII, Title IX, and the Title IX regulations (the "Prior Action"). *See* Compl., *Elmo v. Woodbridge Bd. of Educ.*, Civ. No. 19-14026 (D.N.J. June 20, 2019) ("Civ. No. 19-14026"), D.E. 1. Defendant filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's factual allegations did not support either of his claims. *See* Civ. No. 19-14026, D.E. 5. On April 14, 2020, Judge Arleo granted Defendant's motion and dismissed the complaint in its entirety (the "Letter Order"). Civ. No. 19-14026, D.E. 16.

Plaintiff then filed the Complaint in this matter on June 1, 2020. D.E. 1. Plaintiff's Complaint includes virtually identical factual allegations as those in the Prior Action but asserts different causes of action. Specifically, Plaintiff asserts a Fourteenth Amendment equal protection claim and a claim alleging that Defendant violated N.J. Stat. Ann. § 18A:38-1 *et seq*. *Id.* Defendant filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 14.

## II.     STANDARD OF REVIEW

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual allegations to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Elements of a claim, conclusory allegations, and labels are not entitled to the presumption of truth.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

## III.    LEGAL ANALYSIS

Defendant argues that the Complaint must be dismissed pursuant to the affirmative defense of claim preclusion, or *res judicata*. Def. Br. at 2-6.  Defendant contends that Plaintiff is precluded from bringing this matter because Judge Arleo dismissed the Prior Action, which asserted "nearly identical" claims.  *Id.* at 1-2.  An affirmative defense, such as claim preclusion, may be an appropriate ground to dismiss under Rule 12(b)(6) "if its applicability can be determined from the face of the complaint and documents properly considered on a Rule 12(b)(6) motion." *Fraize v. Gov't Nat'l Mortg. Assoc.*, No. 14-7152, 2016 WL 958392, at *6 (D.N.J. Mar. 14, 2016).

3

Defendant contends that in deciding a motion to dismiss, a court may consider public records, including judicial filings. As a result, Defendant continues, this Court can properly consider the Letter Order. Def. Br. at 3-4. While not entirely clear, Plaintiff seems to argue that to consider the Letter Order, the Court must convert this motion into a motion for summary judgment. Plf. Opp. at 7. In deciding a Rule 12(b)(6) motion, a court ordinarily considers only the factual allegations, exhibits attached to the complaint, and matters of public record. *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Judicial proceedings are matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court may also "take judicial notice of another court's opinion—not for the truth of the matter asserted, but for the existence of the opinion." *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). Consequently, the Court can consider the Letter Order for its existence and legal effect without converting this motion into a motion for summary judgment.

Turning to the merits of Defendant's claim preclusion argument, claim preclusion "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (citation omitted). "A party seeking to invoke *res judicata* must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Id.* (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). Claim preclusion also bars claims that could have been brought in the first action. *Id.*

With respect to the first element, Defendant contends that the Letter Order is a final judgment on the merits. Def. Br. at 4-5. Plaintiff counters that none of his claims were explicitly dismissed with prejudice. Plf. Opp. at 5, 8. While not clearly stated, Plaintiff seems to argue that

4

because Judge Arleo did not use the words "with prejudice" when granting Defendant's motion through the Letter Order, it is not a final judgment.

In the Letter Order, Judge Arleo granted Defendant's Rule 12(b)(6) motion and dismissed Plaintiff's complaint. Letter Order at 4, Civ. No. 19-14026, D.E. 16. The parties do not appear to dispute that this dismissal constitutes a judgment *on the merits* for claim preclusion purposes. *See Simoni v. Luciani*, 872 F. Supp. 2d 382, 390 (D.N.J. 2012) (concluding that dismissal for failure to state a claim was a final judgment on the merits but jurisdictional and preemption-based dismissal of other claims "did not constitute a ruling the merits and is not final for *res judicata* purposes"). Thus, the issue is whether the Letter Order is a final judgment.

"Typically, a dismissal without prejudice is not a final decision because the plaintiff may refile the complaint." *S.B. v. KinderCare Learning Ctrs., LLC*, 815 F.3d 150, 152 (3d Cir. 2016) (addressing appellate jurisdiction of case that was dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)). Use of the term "without prejudice" expressly preserves a plaintiff's ability to move forward with a second action. *See Venuto v. Witco Corp.*, 117 F.3d 754, 758 (3d Cir. 1997). A dismissal with prejudice, however, "operates as an adjudication on the merits, so it ordinarily precludes future claims." *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610 (3d Cir. 2020).

Importantly, Federal Rule of Civil Procedure 41(b) provides that subject to certain exceptions not applicable here, "unless the dismissal order states otherwise . . . any dismissal not under this rule . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). As a result, "all involuntary dismissals are with prejudice unless the dismissal order clearly states otherwise." *Suddreth v. Mercedes-Benz USA, LLC*, No. 10-5130, 2012 WL 13034279, at *3 (D.N.J. July 31, 2012); *see also Alston v. Parker*, 363 F.3d 229, 232 (3d Cir. 2004) (explaining that the district

5

court's Rule 12(b)(6) dismissal order "did not specify whether the dismissal was with or without prejudice, but pursuant to Fed. R. Civ. P. 41(b), we treat the dismissal as an 'adjudication upon the merits'"); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("Because the order did not specify that the dismissal was without prejudice, under Fed. R. Civ. P. 41(b) the dismissal operates as an adjudication upon the merits") (internal quotation marks omitted).  Accordingly, a Rule 12(b)(6) dismissal order that is silent as to whether it is with or without prejudice is, by rule, with prejudice and is a final judgment on the merits for purposes of claim preclusion.  *See, e.g.*, *Kreidie v. Sec'y, Pa. Dep't of Revenue*, 574 F. App'x 114, 118 (3d Cir. 2014) (applying claim preclusion to bar subsequent action where the dismissal order in the first matter was silent as to its prejudicial effect).  The Letter Order, therefore, constitutes a final judgment on the merits.[3]

Defendant also satisfies the second element because both cases involve the same parties.

Finally, at the final stage, a court looks to "the essential similarity of the underlying events giving rise to the various legal claims."  *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010).  This is sometimes labeled the transactional approach: "'[A] claim extinguished [by the doctrine of claim preclusion] includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction . . . out of which the action arose.'"  *Id.* (*quoting* Restatement (Second) of Judgments § 24(1)) (alterations in original).  "[T]he focus is on 'whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations

---

[3] Defendant argues that the Prior Action was dismissed with prejudice because its proposed order for the motion to dismiss in that matter stated that Defendant sought a dismissal with prejudice. Def. Reply at 1-2.  But Judge Arleo did not enter Defendant's proposed order and it has no legal effect.  Defendant also maintains that the prior case was dismissed with prejudice because the case was marked as closed and Judge Hammer cancelled an upcoming scheduling conference.  *Id.* These docket management and scheduling events also have no bearing on the preclusive effect of the Letter Order.

were the same.'" *Shah v. United States*, 540 F. App'x 91, 94 (3d Cir. 2013) (quoting *Lurizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). "A mere difference in the theory of recovery is not dispositive." *Lurizol Corp.*, 929 F.2d at 963.

Here, outside of three new paragraphs in the Complaint alleging that other individuals in their nineties have been permitted to return to high school, the factual allegations in the instant matter and the Prior Action are identical. The material difference between the two are Plaintiff's causes of action. *Compare* Compl, D.E. 1, *with* Compl., *Elmo v. Woodbridge Bd. of Educ.*, Civ. No. 19-14026 (D.N.J. June 20, 2019), D.E. 1. But "*res judicata* bars not only claims that were brought in the previous action, but also claims that could have been brought." *Elkadrawy v. Vanguard Grp., Inc.* 584 F.3d 169, 173 (3d Cir. 2009) (explaining that "it does not matter for *res judicata* purposes that Elkadrawy proceeds under § 1981 rather than Title VII" because the "allegations set forth . . . [in] his second complaint are indistinguishable from the allegations in his first complaint"). Consequently, the third element of claim preclusion is also met.

Plaintiff's argument confirms this conclusion. Plaintiff maintains that in the Letter Order, Judge Arleo "explained[ed] the viable causes of actions that should be presented moving forward to address the novel issues this case presents." Plf. Opp. at 3. Plaintiff continues that his second complaint "asserts two completely different causes of action . . . which are consistent with Judge Arleo's opinion." *Id.* at 4. In other words, Plaintiff's instant Complaint asserts claims that Judge Arleo identified as claims that Plaintiff could have asserted in the Prior Action. These are precisely the type of claims that are barred by claim preclusion.

In sum, Defendant establishes that Plaintiff is precluded from asserting his claims in this matter.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (D.E. 14) is **GRANTED** and Plaintiff's Complaint is **DISMISSED with prejudice**. An appropriate Order accompanies this Opinion.

Dated: December 7, 2021

                                                             John Michael Vazquez, U.S.D.J.